UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DANIEL SMITH, individually and                                    CASE NO.
on behalf of all others similarly situated

VERSUS

METRO SECURITY, INC. and
LLOYD JARREAU

## COMPLAINT – FLSA COLLECTIVE ACTION

NOW INTO COURT, through undersigned counsel, comes plaintiff Daniel Smith, individually and on behalf of other similarly situated individuals, and respectfully submits this Complaint.

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### *Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because the employer, defendant Metro Security Inc. is domiciled in this district, and both defendants are residents of Louisiana. Additionally, plaintiff Smith and the putative members of this collective action class were employed and worked in this district while being subject to the defendants' unlawful payroll scheme.

*The Defendants*

3.

Made defendants herein, and liable unto plaintiff Daniel Smith and other similarly situated individuals, are the following:

I. Metro Security, Inc., a Louisiana corporation domiciled in Metairie, Louisiana with a principle office address of 3226 Roman Street, Metairie, Louisiana;

II. Mr. Lloyd Jarreau, a natural person of the age of majority residing, upon information and belief, in Tangipahoa Parish, Louisiana.

*Statement of Facts*

4.

Plaintiff Smith and members of the putative collective action class were hired by the defendants to perform armed and unarmed security guard work for defendant Metro Security.

5.

Plaintiff Smith and members of the putative collective action class were given the title "Post Supervisor," and paid a salary by the defendants.

6.

Plaintiff Smith and members of the putative collective action class were non-exempt employees of Metro Security, Inc. FLSA requires that plaintiff Smith and members of the putative collective action class be paid at least the federal minimum wage, and that they be paid overtime for hours worked in excess of 40 hours per week.

7.

Defendant Metro Security required its Post Supervisors to work far in excess of 40 hours per week. Plaintiff Smith at times worked shifts as long as 18 hours. He was sometimes required to work as many as 7 days in a workweek. At his bi-weekly salary of $910.00, or $455.00 per week, Plaintiff Smith's pay fell below the federal minimum wage during any week in which he worked 63 or more hours, and this occurred regularly. Plaintiff estimates he worked, on average, 60 hours per week.

8.

Defendants, Metro Security, Inc. and Lloyd Jarreau, directed plaintiff and the putative collective action class as to how, when and where to perform their work.

9.

Defendant Jarreau is also the "employer" of plaintiff and the putative collective action class, because he is an owner and executive of the company and he implemented, or assisted in the implementation of, Metro Security's policy of not paying overtime to its Post Supervisors.

10.

At all times relevant to this action, Defendant Jarreau was an individual resident of the State of Louisiana who owned and operated Metro Security and who regularly exercised authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of the business.

11.

By virtue of having regularly exercised the authority described in Paragraph 10, defendant Jarreau is an employer of plaintiff and the collective action class as defined by 29 U.S.C. § 201 *et seq.*

12.

Mr. Smith and the collective action members were all employees of the defendants during the time period to which this action pertains.

*FLSA Collective Action Allegations*

13.

Mr. Smith brings the claims set forth above on his own behalf and on behalf of all similarly situated persons employed by Defendants as salaried "Post Supervisors" during the past three years.

14.

The defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. That group is believed to include at least several dozen individuals. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

15.

There are questions of fact and law common to the class, including (a) whether defendants failed to pay overtime wages as required by the FLSA to Metro Security's Post Supervisors, (b) whether the long hours required of plaintiff and the collective action class pushed their compensation below the federal minimum wage, and (c) whether any FLSA exemption applies to the members of the class.

16.

At all times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, plaintiff and those similarly situated were engaged in interstate commerce during their employment with Defendants. Plaintiff Smith and others in the collective action class were armed with firearms produced in interstate commerce, and handled various other materials that were produced in interstate commerce, including security-related tools and motor vehicles, as part of the performance of their duties.

17.

Plaintiff Smith and the collective action members that he seeks to represent are similarly situated and are subject to the defendants' unlawful employment practices outlined above. Plaintiff Smith will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for plaintiff are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

### *Count One – Failure to Pay Overtime*

18.

Plaintiff Smith incorporates by reference the allegations contained in the preceding paragraphs.

19.

The FLSA applies to the defendants' employment of Mr. Smith and all other "Post-Supervisors."

20.

Defendant Metro Security is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21.

Both defendants, jointly, are the "employers" of the plaintiff and members of the collective action class as that term is defined by 29 U.S.C. § 203(d).

22.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

23.

The defendants have willfully refused to pay overtime to plaintiff and the collective action members whom he seeks to represent for hours worked in excess of 40 hours per week.

**Count Two – Failure to Pay Minimum Wage**

24.

Plaintiff reasserts and incorporates by reference all allegations contained in the previous paragraphs.

25.

Plaintiff and the putative collective action class are entitled to be paid at least the minimum wage for each hour that they worked throughout their employment with Defendants.

26.

Due to the very long hours and low salaries paid to plaintiff Smith and other Post Supervisors, plaintiff and the collective action class had workweeks in which they did not earn the federal minimum wage.

27.

Attached hereto and made a part hereof as Exhibit A is the *FLSA Consent to Sue* form executed by plaintiff Smith in accordance with 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Mr. Daniel Smith, individually and on behalf of the collective action members he seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

3. An order appointing plaintiff and his counsel to represent the collective action members;

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA;

5. A judgment declaring that defendants Metro Security, Inc. and Lloyd Jarreau are liable *in solido* for damages as provided by the FLSA, including liquidated damages, reasonable attorney's fees, costs, and expenses of this action; and

6. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

/S James R. Bullman
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
James R. Bullman (La. Bar Roll No. 35064)
850 North Boulevard
Baton Rouge, LA 70802
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: james@estesdavislaw.com
*Attorneys for Plaintiff*