## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-953** |
| **METRO SECURITY, INC. ET AL** | **SECTION "L" (1)** |

### ORDER & REASONS

Before the Court is Plaintiffs' motion to certify class. R. Doc. 10. Defendant responded in opposition. R. Doc. 13. The Court heard oral argument on the motion on May 23, 2018. Having heard the parties' arguments and reviewed the applicable law, the Court issues this Order & Reasons.

### I.    BACKGROUND

Plaintiff Daniel Smith brings this FLSA action against his employer on behalf of himself and other similarly situated employees. R. Doc. 1. Plaintiff worked as a "Post Supervisor" performing security guard work for Defendant Metro Security, Inc. ("Metro Security"). R. Doc. 1 at 2. Defendant Lloyd Jarreau is an owner and operator of Metro Security. R. Doc. 1 at 3. Plaintiff alleges that he and several dozen other employees were paid a weekly salary of $455. R. Doc. 1 at 3. Plaintiff further alleges that he worked 60 hours per week on average and over 63 hours a week regularly. R. Doc. 1 at 3. Plaintiff claims that he was a non-exempt employee under the FLSA and brings claims against Defendants for 1) failure to pay overtime and 2) failure to pay minimum wage. R. Doc. 1 at 5-6. Defendants answer the complaint generally denying the allegations and

1

denying that Plaintiff is a non-exempt employee. R. Doc. 8 at 1. Defendants also allege various affirmative defenses including failure to state a claim and statute of limitations. R. Doc. 8 at 3.

## II.    PENDING MOTION

Plaintiff moves for conditional certification of a collective action under the FLSA. R. Doc. 10. Plaintiff argues that Defendants' employees labeled Post Supervisors are similarly situated because they had similar jobs duties and requirements and were subjected to the same payroll policies. R. Doc. 10-1 at 1. Plaintiff requests that notice to potential members of the class be expedited because they lose some of their claim with every day of delay. R. Doc. 10-1 at 8. Plaintiff also asks that Defendants be required to provide a database of all Post Supervisors within the last three (3) years and to post notice at its headquarters and all job sites. R. Doc. 10-1 at 8-9. Plaintiff has submitted a proposed notice with this motion. R. Doc. 10-1 at 10.

Defendants respond in opposition arguing that Plaintiff's complaint and motion provide insufficient evidence to support class certification. R. Doc. 13. Defendant argues that Plaintiff uses only general terms to describe the alleged violations, fails to identify individual coworkers, and does not provide any details about alleged discussions with other potential plaintiffs. R. Doc. 13 at 2-3. Because Plaintiff merely summarizes his claims in general terms, Defendant argues that conditionally certification is not appropriate. R. Doc. 13 at 4.

Plaintiff has filed a supplemental declaration stating that he spoke with another individually named Post Supervisor about Metro Security's payment policies. This individual stated that he did not receive overtime wages and knew that other post supervisors also did not receive overtime wages. R. Doc. 10-6.

## III.    LAW & ANALYSIS

The FLSA provides workers the right to sue collectively on behalf of themselves and

others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *Anderson v. Cagle's Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) (citing 29 U.S.C. § 216(b)). District courts have discretion to implement the collective action procedure by sending notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 667–68, 2007 WL 1628853, at *2 (5th Cir. 2007). Notice must be "timely, accurate and informative." *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The Fifth Circuit has not yet established a legal standard for collective-action certification, but has affirmed two different approaches. *Portillo v. Permanent Workers, L.L.C.*, No. 15-30789, 2016 WL 6436839, at *2 (5th Cir. Oct. 31, 2016); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). One method for certifying collective-action claims involves a two-step "similarly situated" test, while the other is more akin to the standard for Rule 23 class actions. *Roussell*, 441 F. App'x at 226. In the present case, this Court finds it appropriate to apply Mooney's two-stage approach. *Mooney*, 54 F.3d at 1216.

Under this two-step process, the first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision whether notice should be given to potential class members based on the pleadings, affidavits, and any other evidence which has been submitted. *Id.* at 1213. Because the court has minimal evidence at this point, and plaintiffs seeking conditional certification are not required to identify other potential collective action

members, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Id.* at 1214. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id.*

The second determination typically occurs after the defendant files a motion for "decertification" after discovery is largely complete. *Id.* At this stage, the court has substantially more evidence it can use in deciding whether the collective action members are similarly situated. *Id.* If the claimants are similarly situated, the district court allows the representative action to proceed to trial. *Id.* If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id.* The original plaintiffs can then proceed to trial on their individual claims. *Id.*

As this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members. At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring, LLC*, No. 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016) (citing *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015)). "Although the standard for satisfying the first step is lenient . . . the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex., 1999) (internal quotations and citations omitted). To determine whether plaintiffs have submitted substantial

4

allegations of a single plan, courts consider "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted." *Smith v. Offshore Specialty Fabricators Inc.*, No. CIV.A. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009); *see also Banegas*, No. CIV.A. 15-593, 2015 WL 4730734, at *4 ("The plaintiff may satisfy this burden by submitting evidence in the form of pleadings, affidavits and other supporting documentation.").

Here, Plaintiff alleges other similarly situated individuals exist and has provided a declaration listing one other Post Supervisor, Mr. Washington. Plaintiff states that he spoke with Mr. Washington regarding their wages and Mr. Washington stated that he did not receive overtime wages while working for Defendant. Additionally, Plaintiff claims that Mr. Washington also knows that other Post Supervisors were under the same pay policy and did not receive overtime wages. Plaintiff's complaint states, the "group [of potential plaintiffs] is believed to include at least several dozen individuals." R. Doc. 1 at 4. While this is relatively limited information, "[i]n the Fifth Circuit, there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *Nunez v. Orleans Shoring, LLC*, No. 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016) (internal quotations omitted). Plaintiff must "show, at least, that similarly situated individuals exist." *Banegas*, No. 15-593, 2015 WL 4730734, at *5.

Plaintiff has named one other similarly situated individual. Plaintiff could proceed as an individual and discover additional plaintiffs to add to his case. However, this seems inefficient and a waste of judicial resources. Moreover, Defendant concedes that all Post Supervisors are similarly situated because Defendant has taken the stance that Plaintiff is not owed overtime wages under the FLSA by virtue of his position as a Post Supervisor. Therefore, it follows that

5

Defendant likely applied the same pay policy to all Post Supervisors.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to certify the class is hereby **GRANTED**.
Defendant must produce a list of Post Supervisors and within ten days the parties will meet and
confer to work out appropriate notice before submitting notice for Court approval. A telephone
status conference will be held on June 26, 2018 at 1:30 p.m. to discuss the parties' progress in
perfecting notice, a time table for discovery and motion practice, and other aspects of the case.
The Court will revisit the issue should Defendant choose to file a motion to decertify following a
discovery period.

New Orleans, Louisiana, this 24th day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE